UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

UNITED STATES OF AMERICA,

      Plaintiff,

                                **AMENDED MEMORANDUM OF LAW
                                AND ORDER**
v.                                Criminal File No. 08-00006 (MJD/AJB)

SHANE NATHANIAL TOWNSEND,

      Defendant.
_____

Nathan P. Petterson, Assistant United States Attorney, Counsel for Plaintiff.

Shane Nathanial Townsend, pro se.
_____

## I. INTRODUCTION

This matter is before the Court upon Defendant Shane Nathanial Townsend's pro se Motion for the Court to Enforce Restitution Order. [Docket No. 72]

## II. BACKGROUND

### A. Factual Background

On March 12, 2009, Defendant Shane Nathanial Townsend ("the Defendant") pled guilty to one count of Bank Robbery in violation 18 U.S.C. § 2113(a).  This Court sentenced the Defendant, a career offender, to the custody of

1

the Bureau of Prisons ("the BOP") for a term of 151 months with three years' supervised release. ([Docket No. 60] Sentencing Judgment ("Judgment") pp. 2-3.) This Court also directed the Defendant to pay an assessment of $100 and restitution of $3,515, with $450 to be credited upon return to the victim bank. (Id. at p. 5.) The Judgment included a standard incarceration payment schedule: quarterly installments of a minimum of $25 if working non-UNICOR, or a minimum of 50% of monthly earnings if working UNICOR. (Id. at p. 6; 28 C.F.R. § 545.11(b)(1)-(2).) The Judgment further recommended that the Defendant participate in the Inmate Financial Responsibility Program ("the IFRP") while in custody. (Judgment p. 6.) The Defendant appealed his sentence, which was affirmed by the Eighth Circuit. United States v. Townsend, 617 F.3d 991 (8th Cir. 2010).

The Defendant is currently incarcerated in the Federal Corrections Center in Terre Haute, Indiana. (Motion to for the Court to Enforce Restitution Order ("Mot. to Enforce") p. 4.) He is participating in the IFRP, and has made consistent quarterly payments towards his restitution order since December of 2011. (Mot. to Enforce p. 2.) These payments began at $25 per quarter, but the Defendant is now paying $45 per quarter. (Id. at p. 3.) The Defendant is

currently working UNICOR and earning $27 per month, or $81 per quarter. (Id. at p. 1.)

    B.    **Procedural History**

On February 26, 2015, the Defendant filed the instant motion. The Defendant challenges his placement and participation in the IFRP and requests this Court to order the BOP to follow the court-imposed payment schedule, as opposed to his current IFRP-imposed payment schedule. (Id. at p. 3.) Alternatively, the Defendant requests that this Court order that he is exempt from the IFRP. (Id.) Furthermore, the Defendant requests that the Court provide him with proof that his restitution payments have been made to the victim bank. (Id. at pp. 3-4.)

**III.   DISCUSSION**

    A.    **Motion for Relief**

        1.    **Jurisdiction**

A challenge to an inmate's participation in the IFRP is characterized as an attack on the execution of the inmate's sentence. Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002). An attack on the execution of a sentence is properly

brought as a habeas petition under section 2241(a) of the United States Code. Id. at 712. Therefore, the Court will construe the Defendant's motion as a petition for habeas corpus under section 2241.

A petition under section 2241(a) must be brought in the district where the inmate is currently incarcerated. Id. The Defendant is currently incarcerated in the Southern District of Indiana. Because the Defendant is not currently incarcerated within the District of Minnesota, this Court has no jurisdiction over the Defendant's petition.

### 2.     Request for Proof of Receipt of Payments

For the reason cited above, the Court also denies the Defendant's request for proof of receipt of restitution payments.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

> 1. Petitioner Shane Nathanial Townsend's Motion for the Court to Enforce Restitution Order [Docket No. 72] is **DENIED.**

> 2. This action is **DISMISSED without prejudice** for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 15, 2015                              s/ Michael J. Davis
                                                 Michael J. Davis
                                                 Chief Judge
                                                 United States District Court