UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Respondent,

v.

Shane Nathanial Townsend,

       Petitioner.

**MEMORANDUM OF LAW AND ORDER**
Criminal File No. 08-06(01) (MJD)

Nathan P. Petterson, Assistant U.S. Attorney, Counsel for Respondent.

Shane Nathanial Townsend, *Pro Se.*

## I.    Introduction

This Matter is before the Court on Petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket Nos. 76 and 77] and for appointment of counsel [Docket No. 82].

## II.    Background

On January 8, 2008, Petitioner was indicted by a grand jury on two counts of bank robbery in violation of 18 U.S.C. § 2113(a). On March 12, 2009, Petitioner entered a plea of guilty to Count 1 of the Indictment. Id. at ¶ 2.

1

A Presentence Investigation Report ("PSR") was prepared by the United States Probation Office. As set forth in the PSR, the probation office determined that Petitioner was a career offender pursuant to the United States Sentencing Guidelines ("USSG"), Section 4B1.1(a).  The Court adopted the factual findings and the guideline calculations set forth in the PSR and determined the applicable guideline range was 151 to 188 months, based on a total offense level 29 and a criminal history category VI.  On September 8, 2009, the Court sentenced Petitioner to a term of imprisonment of 151 months.

Petitioner appealed his sentence to the Eighth Circuit Court of Appeals, claiming that this Court gave undue weight to the sentencing guidelines and his criminal history, and insufficient weight to important mitigating factors, such as his mental illness, physical illness and his chemical dependency. United States v. Townsend, 617 F.3d 991, 993 (8th Cir. 2010).  The Eighth Circuit Court of Appeals affirmed this Court's sentence.  Id. at 995.

On April 27, 2016, Petitioner filed the instant *Pro Se* § 2255 Petition, arguing that he was unconstitutionally categorized as a career offender in light of the United States Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

### III. Habeas Petition

#### A. Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In response to such a motion, the court shall hold a prompt hearing to identify the issues, make findings of fact and determinations of law, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). "[A] petition can be dismissed without a hearing if . . . the petitioner's allegations, accepted as true, would not entitle the petitioner to relief." Englen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

#### B. Petitioner's Stated Grounds for Relief

Petitioner claims he is entitled to relief because he no longer qualifies as a career offender under the sentencing guidelines pursuant to the Supreme Court's decision in Johnson. In that case, the Court found the residual clause in the

statutory definition of "violent felony" set forth in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. Johnson, 135 S. Ct. at 2563. Petitioner argues that because the guideline definition of "crime of violence" is similar to the definition of "violent felony" in the ACCA, the analysis of Johnson applies.

In Beckles v. United States, 137 S. Ct. No. 886 (2017), the United States Supreme Court held that the sentencing guidelines are not subject to a void for vagueness challenge. Because Johnson does not apply to the sentencing guidelines, Petitioner has failed to demonstrate that he is entitled to relief.

**IV.    Motion for Appointment of Counsel**

There is no constitutional right to appointment of counsel in habeas proceedings. Phelps v. U.S. Fed. Gov't, 15 F.3d 735, 737 (8th Cir. 1994). Because Petitioner's claims do not involve complex issues, and he has not demonstrated that he is entitled to relief, the appointment of counsel would benefit neither the Petitioner nor the Court. See Nachtigall v. Class, 48 F.3d 1076, 1082 (8th Cir. 1995).

## V. Certificate of Appealability

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based on the files, record, and proceedings herein,

**IT IS HEREBY ORDERED:**

1. The Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [Docket Nos. 76 and 77] is **DENIED;** and

2. The Petitioner's Motion for Appointment of Counsel [Docket No. 82] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: August 31, 2017        s/ Michael J. Davis
                              Michael J. Davis
                              United States District Court